JAMES M. MAURY *v.* HIRAM W. ROBERTS.

A judgment with a writ of inquiry, is not a final judgment until the writ of inquiry is executed and the term of the court has expired.

Where property is levied on by attachment, and it is claimed as not liable to satisfy the debt upon which the attachment issued, a final judgment should not be rendered against the claimant, until the demand of the plaintiff has been established by judgment against the original defendant.

In error from the circuit court of Lauderdale county; Hon. John Watts, judge.

The facts of the case are contained in the opinion of the court.

Maury *v.* Roberts.

*Chandler* and *Wharton,* for appellant,
Cited Hutch. Co. 804, § 15. .

*Evans* and *Daniels* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

The defendant in error sued out an attachment against one Gore, a non-resident debtor, which was levied upon a horse which was claimed by the plaintiff in error, who gave bond to try the right of property under the statute. At March term, 1852, the return term of the attachment, an order of publication was made requiring Gore to appear at the following September term, to the attachment; and at March term an issue was tendered by the plaintiff in the proceeding for the trial of the right of property, which not being joined in by the claimant, the present plaintiff in error, a judgment by default was taken against him, and the case continued to the September term, 1852, to execute the writ of inquiry as to the value of the horse. At that term, and before judgment rendered against Gore, the claimant appeared, and upon affidavit showing sufficient reasons for his failure to join the issue and a meritorious claim to the property, moved the court to set aside the judgment by default against him, and to be allowed to make up the issue and proceed to trial. The motion was denied, and the writ of inquiry executed and a final judgment rendered against him for the value of the horse, from which he prosecutes this writ of error.

There are are two manifest errors in these proceedings.

First. In not setting aside the judgment by default, and permitting the claimant to join the issue to try the right to the property.

This refusal was put on the ground that the judgment with a writ of inquiry at the preceding term was final at the end of that term, and could not be set aside by that court after the expiration of the term. But this is not the rule in regard to judgments with writ of inquiry. The judgment was not final until the writ of inquiry was executed and the term had expired. It was necessarily *in fieri* until the value of the thing in controversy was assessed by the jury, for until that was done, the

judgment was ineffectual. Hutch. Co. 876, § 67. The court thus having the power to grant the motion, a proper case for its exercise was shown, and justice demanded that it should be done.

Second. It was error to render a final judgment against the claimant before the plaintiff's claim was fixed against his debtor by a judgment against him. The right to recover against the claimant depended upon two things: first, the establishment of the debt against the original defendant, which was the very foundation of his claim; and secondly, a sufficient showing that the property levied on was subject to the satisfaction of the demand as the property of the debtor. The first step is the most important, and is indispensable; for otherwise, the creditor might perfect his judgment and enforce it by execution against the claimant without any establishment of his demand, and when indeed he might have no legal demand against the original defendant. To prevent so unjust a proceeding, it is a sound and safe rule to hold that a final judgment should not be rendered against the claimant in cases like this until the demand has been established by judgment against the original defendant.

The judgment is therefore reversed, and the case remanded, to be proceeded with according to the views herein stated.